UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :        CHAPTER 7
                                          :
BRANDY VALENTIN GILLESPIE,                :        CASE NO. 23-50616-pwb
                                          :
      Debtor                              :
_____          :

**APPLICATION TO EMPLOY THE ANGELL LAW FIRM, LLC,
AS SPECIAL COUNSEL FOR TRUSTEE**

COMES NOW S. Gregory Hays, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Brandy Valentin Gillespie ("Debtor"), and hereby files this *Application to Employ The Angell Law Firm, LLC, as Special Counsel for Trustee* (the "Application"). In support thereof, Trustee shows the Court as follows:

1.      On or about January 21, 2021, Debtor obtained a Final Judgment against Home Now Properties, Inc. ("Home Now"), in the State Court of DeKalb County, Case No. 19A76255, in the amount of $5,530,690.81 (the "Judgment").

2.      Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 21, 2023 (the "Bankruptcy Case").

3.      Trustee was appointed as the interim Chapter 7 trustee in this case.

4.      The meeting of creditors was concluded on March 1, 2023. Trustee was the duly appointed trustee in the Bankruptcy Case pursuant to 11 U.S.C. § 702(d).

5.      Under 11 U.S.C. § 541(a), Debtor's filing of its bankruptcy petition created an estate comprised of, among other things, all legal and equitable interests of Debtor in property as of the Petition Date (the "Bankruptcy Estate").

6.      The Bankruptcy Estate includes the Judgment.

7.　　In her Schedule A/B (Doc. No. 1, Page 18 of 62), Debtor did not schedule the Judgment but scheduled a "Pending Personal Injury Lawsuit against former landlord (Unknown Amount)" with a $0.00 value.

8.　　On May 11, 2023, the Court entered its *Order Discharging Debtor and Closing Estate* (Doc. No. 18).

9.　　The closing of the Bankruptcy Case did not operate as an abandonment of the Judgment, because the Judgment was not scheduled. See, 11 U.S.C. §554(d).

10.　　On or about October 11, 2023, Debtor commenced her *Complaint* against Darshit Jitendra Thakkar, Niyati Nigam Parikh, Home Now, Aaryan Management, Inc., and Does I-III in the Superior Court of DeKalb County, Case No. 23CV8976 (the "DeKalb Action"). In the DeKalb Action, Debtor sought to enforce the Judgment against the various defendants under theories of Alter Ego and Fraudulent Transfers.

11.　　The claims asserted in the DeKalb Action are property of the Bankruptcy Estate that were not abandoned upon closure of the Bankruptcy Case.

12.　　On September 10, 2025, Home Now filed its *Motion to Reopen Chapter 7 Case* (Doc. No. 20).

13.　　The Court entered its *Order* reopening the case on October 1, 2025 (Doc. No. 24).

14.　　Trustee was reappointed Chapter 7 trustee on October 8, 2025.

15.　　Trustee wishes to employ The Angell Law Firm, LLC, 3391 Peachtree Road, NE, Suite 110, Atlanta, GA 30326 (the "Firm"), as special counsel for Trustee to represent the Bankruptcy Estate in connection with the DeKalb Action and any Judgment collection activity.

16.　　The Firm represented Debtor in connection with the Judgment and DeKalb Action. In connection with such representation, the Firm entered into a *Contract for Legal Services* (the

"Howe Contract") with Howe & Associates ("Howe") pursuant to which the Firm agreed to pay Howe $295 per hour, plus reimbursement of expenses, for services rendered to the Firm in connection with the collection of the Judgment and the pursuit of claims in the DeKalb Action.

17.     Trustee proposes to employ the Firm on a contingency fee basis, as follows: Forty percent (40%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid by the Firm. The Firm will be responsible for any amounts due Howe under the Howe Contract, and Howe will have no direct claim for fees or expenses against the Bankruptcy Estate.

18.     Trustee shows that the attorneys practicing with the Firm are admitted to practice in this Court, have knowledge and experience with regard to the matters in which the Firm is to be engaged, and are well qualified to represent Trustee.

19.     The Firm's employment is authorized under 11 U.S.C. §327(e), which provides that Trustee, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

20.     Trustee believes that the Firm's experience and institutional knowledge of the Judgment and the DeKalb Action provides value to the Bankruptcy Estate and will enable the Bankruptcy Estate to assert its claims in a more economical and efficient manner. Accordingly, the Firm's employment as special counsel is in the best interest of the Bankruptcy Estate.

21.     To the best of Trustee's knowledge, the Firm has no professional, business, or other connection with Debtor (except as her counsel in connection with the Judgment and DeKalb Action), any creditors in this case, or any other party in interest (except Home Now and the

defendants in the DeKalb Action), as well as their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

22.     To the best of Trustee's knowledge: the Firm represents no interest adverse to Trustee, Debtor, any creditors in this case, or any other party in interest, as well as their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, in the matters upon which it is to be engaged; and the employment of the Firm will be in the best interest of this Bankruptcy Estate, Debtor, creditors of Debtor, and other parties in interest.

WHEREFORE, Trustee prays for authority to retain and employ The Angell Law Firm, LLC, as special counsel for the purposes specified herein above, and that Trustee have such other and further relief as may be just and proper.

This 12th day of January 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By:     */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, GA  30328
(404) 262-7373
(404) 262-9911 (facsimile)

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO
## EMPLOYMENT OF SPECIAL COUNSEL

The undersigned hereby declares under penalty of perjury:

1.      I am a member of the law firm of The Angell Law Firm, LLC, 3391 Peachtree Road, NE, Suite 110, Atlanta, GA 30326 (the "Firm"). All attorneys practicing with the Firm are attorneys at law duly admitted to practice in the State of Georgia and in the United States District Court, Northern District of Georgia.

2.      The Firm has been asked to act as special counsel for S. Gregory Hays, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Brandy Valentin Gillespie ("Debtor").

3.      In particular, the Firm has been asked to represent Trustee as special counsel in connection with (i) collections related to a Final Judgment against Home Now Properties, Inc. ("Home Now") in the State Court of DeKalb County, Case No. 19A76255, in the amount of $5,530,690.81 (the "Judgment"), and (ii) related action against Darshit Jitendra Thakkar, Niyati Nigam Parikh, Home Now, Aaryan Management, Inc., and Does I-III in the Superior Court of DeKalb County, Case No. 23CV8976 (the "DeKalb Action").

4.      The Firm represented Debtor in connection with the Judgment and DeKalb Action. In connection with such representation, the Firm entered into a *Contract for Legal Services* (the "Howe Contract") with Howe & Associates ("Howe") pursuant to which the Firm agreed to pay Howe $295 per hour, plus reimbursement of expenses, for services rendered to the Firm in connection with the collection of the Judgment and the pursuit of claims in the DeKalb Action.

5.      The Firm will be employed on a contingency fee basis, as follows: Forty percent

(40%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid

by the Firm. The Firm will be responsible for any amounts due Howe under the Howe Contract,

and Howe will have no direct claim for fees or expenses against the Bankruptcy Estate.

6.      The Firm has no professional, business, or other connection with Debtor (except

as her counsel in connection with the Judgment and DeKalb Action), any creditors in this case,

or any other party in interest (except Home Now and the defendants in the DeKalb Action), as

well as their respective attorneys and accountants, the United States Trustee, or any person

employed in the office of the United States Trustee.

7.      The Firm represents no interest adverse to Trustee, Debtor, any creditors in this

case, or any other party in interest, as well as their respective attorneys and accountants, the

United States Trustee, or any person employed in the office of the United States Trustee, in the

matters upon which it is to be engaged; and the employment of the Firm will be in the best

interest of this Bankruptcy Estate, Debtor, creditors of Debtor, and other parties in interest.

8.      The Firm will not expect nor receive any compensation from the estate except

upon application to and approval by the Bankruptcy Court after notice and hearing.

I verify that the above statements are true to the extent of my present knowledge and
belief.

Dated: January 10, 2026

Bryce Angell
Georgia Bar No. _068574_

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Application to Employ The Angell Law Firm, LLC, as Special Counsel for Trustee*, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

This 12th day of January 2026

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Ste. 290
Atlanta, GA  30328
(404) 262-7373